# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Cooney v. Rossiter*, 2012 IL 113227

---

| | |
|---|---|
| Caption in Supreme Court: | DEBORAH A. ORLANDO COONEY *et al.*, Appellants, v. LYLE H. ROSSITER, JR., Appellee. |
| Docket No. | 113227 |
| Filed | December 28, 2012 |
| Rehearing denied | March 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where an ex-wife sought recovery for the alleged intentional infliction of emotional distress by psychological evaluator appointed by the court in her custody dispute, the circuit court's *res judicata* dismissal was proper where all the elements thereof were present on the basis of a federal district court's absolute-immunity dismissal of her earlier civil rights class action against the same defendant and others; and the appellate court should neither have reached the immunity issue nor modified its opinion after appeal to the supreme court was allowed. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Jeffrey Lawrence, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and vacated in part.<br>Circuit court judgment affirmed. |

| Counsel on Appeal | Thomas A. Zimmerman, Jr., Adam M. Tamburelli and Frank J. Stretz, of Zimmerman Law Offices, P.C., and David A. Novoselsky, all of Chicago, for appellants. |
| | |
| | Brian T. Henry and Scott L. Howie, of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |
| | |
| Justices | CHIEF JUSTICE KILBRIDE delivered the judgment of the court, with opinion. |
| | Justices Thomas, Garman, and Karmeier concurred in the judgment and opinion. |
| | Justice Burke specially concurred, with opinion, joined by Justices Freeman and Theis. |

**OPINION**

¶ 1      In this appeal, we address whether plaintiffs' cause of action against a court-appointed psychological evaluator is barred by *res judicata* and absolute immunity. The trial court dismissed plaintiffs' suit on both grounds. The appellate court affirmed the dismissal on *res judicata* grounds and, alternatively, absolute immunity. For the reasons that follow, we affirm.

¶ 2                     I. BACKGROUND

¶ 3      In 1998, plaintiff, Deborah Orlando Cooney, was granted custody of her two children in a judgment for dissolution of marriage. Deborah's ex-husband, Lorenzo Orlando, subsequently filed a petition for change of custody. Deborah filed a motion for appointment of a psychological evaluator to formulate recommendations on custodial arrangements for the children. The trial court appointed defendant, Lyle Rossiter, a general and forensic psychiatrist, as the evaluator, pursuant to section 605 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/605 (West 2002)).

¶ 4      Rossiter opined that the children should be removed from Deborah's custody and that she and her parents undergo psychiatric treatment for their delusional disorder, Munchausen's by proxy syndrome, and parental alienation syndrome. The report further recommended no contact with the children and that a report be made to the Department of Children and Family Services (DCFS).

¶ 5      Based on Rossiter's written evaluation, the circuit court granted Lorenzo's petition for a change in custody and entered an emergency order of protection barring Deborah from

having visitation or contact with the children.

¶ 6        DCFS then began an investigation of Deborah when a social worker hired by Lorenzo to treat the children reported Deborah as a child abuser based on Rossiter's evaluation. Rossiter also made statements to a DCFS investigator about Deborah and her parents' purported delusional behavior. DCFS made findings of child abuse and neglect against Deborah. In March 2007, an administrative law judge affirmed the DCFS findings.

¶ 7        In May 2007, Deborah and two other plaintiffs filed a class-action lawsuit in federal court under section 1983 of the Civil Rights Act of 1991 (42 U.S.C. § 1983 (2006)) against 12 defendants who each played a role in their child custody proceedings, including Rossiter. The federal district court dismissed the lawsuit in its entirety. *Cooney v. Rossiter*, No. 07 C 2747 (N.D. Ill. Aug. 20, 2008), *aff'd*, 583 F.3d 967 (7th Cir. 2009), *cert denied*, ___ U.S. ___, 130 S. Ct. 3322 (2010). Upon dismissal of the claim against Rossiter, the district court reasoned "it is well-established that court-appointed psychological evaluators are 'protected by the same immunity extended to judges and other judicial officers.' " *Cooney*, slip op. at 7 (quoting *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959)).

¶ 8        On June 13, 2007, Deborah and her parents filed a cause of action in the circuit court of Cook County, claiming intentional infliction of emotional distress by Rossiter for making a false evaluation and for making false statements. Plaintiffs subsequently added one of Deborah's sons, Christopher, as a plaintiff.

¶ 9        Rossiter filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)). The trial court granted Rossiter's motion to dismiss plaintiffs' cause of action, finding that the lawsuit was barred by *res judicata* and absolute immunity. The appellate court affirmed. 2011 IL App (1st) 102129-U. We allowed plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 10                                    II. ANALYSIS

¶ 11        Initially, we must address the appellate court's failure to follow proper procedure when filing modified opinions. Specifically, on September 23, 2011, the appellate court filed an unpublished order under Supreme Court Rule 23 (Ill. S. Ct. R. 23 (eff. July 1, 2011)). *Cooney v. Rossiter*, 2011 IL App (1st) 102129-U. On October 14, 2011, plaintiffs filed a motion to publish, and defendant filed a response on October 21, 2011.

¶ 12        Plaintiffs then filed a petition for leave to appeal with this court on October 28, 2011. In response, defendant filed an answer to the plaintiffs' petition for leave to appeal on November 14, 2011. This court allowed the plaintiffs' petition for leave to appeal on January 25, 2012.

¶ 13        Approximately seven months after plaintiffs filed their petition for leave to appeal in this court, on June 26, 2012, the appellate court issued an order allowing plaintiffs' motion to publish, withdrew its Rule 23 order, and advised that an opinion would be "filed in due course." The appellate court failed to inform this court that the Rule 23 order had been withdrawn. Additionally, nowhere does the published opinion indicate that it was originally filed as a Rule 23 order. Also, the panel that filed the opinion is different from the panel that filed the Rule 23 order, because of the death of Justice Joseph Gordon, who passed away on

-3-

the same day the order was entered allowing publication and withdrawing the Rule 23 order.

¶ 14 Later, the appellate court issued a corrected opinion on August 13, 2012, substituting another justice on the panel. *Cooney v. Rossiter*, 2012 IL App (1st) 102129. The corrected opinion created a new deadline for filing a rehearing petition on August 31, 2012, with a new mandate to issue on September 14, 2012.

¶ 15 This court had, however, already allowed leave to appeal from the September 23, 2011, Rule 23 order. Thus, not only had a petition for leave to appeal been filed in this case, but leave to appeal from the Rule 23 order had been granted over six months before the appellate court filed its August 10, 2012, published opinion. "Once a petition for leave to appeal has been filed in the Supreme Court, the appellate court loses jurisdiction over the cause of action and may not withdraw or substantively modify its filed opinion (*People v. Collins*, 202 Ill. 2d 59 (2002)) nor may it file an additional separate opinion (*People v. Turnage*, 12 Ill. 2d 299 (1994))." Style Manual for the Supreme and Appellate Courts of Illinois § I(F) (4th ed. rev. 2012) ("Postfiling Revisions"). The appellate court's June 26, 2012, order, as well as its August 10, 2012, published opinion, are therefore void for lack of jurisdiction. Accordingly, we vacate that order and the published opinion.

¶ 16 We firmly remind the appellate court that lax filing practices lead to wasted judicial resources. Additionally, failing to follow the proper procedures in the filing of modified opinions impedes the bar in its appellate practice. We now address the merits of plaintiffs' appeal from the appellate court's Rule 23 order (2011 IL App (1st) 102129-U).

¶ 17 The trial court dismissed plaintiffs' cause of action pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)). A section 2-619 motion to dismiss admits as true all well-pleaded facts, together with all reasonable inferences that can be gleaned from the facts. *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 325 (1995). When ruling on a section 2-619 motion, "a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). We review *de novo* the dismissal under section 2-619. *Porter*, 227 Ill. 2d at 352.

¶ 18 Plaintiffs contend that the circuit court erroneously held that the action was barred by *res judicata*, and that the appellate court erroneously upheld that ruling. Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent cause of action between the parties or their privies on the same cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). The doctrine of *res judicata* applies to all matters that were actually decided in the original action, as well as to matters that could have been decided. *River Park, Inc.*, 184 Ill. 2d at 302. Accordingly, three requirements must be met for application of the doctrine of *res judicata*: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." *River Park, Inc.*, 184 Ill. 2d at 302.

¶ 19 The first requirement for *res judicata* was met when the federal district court issued a final judgment on the merits in the section 1983 lawsuit in granting Rossiter's motions to dismiss. That judgment was affirmed. *Cooney v. Rossiter*, 583 F.3d 967, 972 (7th Cir. 2009).

Plaintiffs do not dispute that the first requirement for *res judicata* is met.

¶ 20    The second requirement for *res judicata* depends on whether there was an identity of cause of action. Plaintiffs deny any identity of cause of action between the two cases. They argue that the ruling in the federal case is not *res judicata* because federal common law immunities are different from Illinois common law immunities for claims arising under state law. Plaintiffs argue that the evidence required is not "essentially the same" for proving the civil rights claim and the claim for intentional infliction of emotional distress under Illinois common law.

¶ 21    As aptly pointed out by defendant, Illinois does not require the same evidence or an identical theory of relief. In fact, this court specifically rejected the "same evidence test" and adopted the "transactional test" in evaluating whether there is an identity of cause of action between two cases. *River Park, Inc.*, 184 Ill. 2d at 311. Thus, in Illinois, separate claims are "considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc.*, 184 Ill. 2d at 311.

¶ 22    Here, there is certainly an identity of cause of action. Plaintiffs are suing defendant in state court based on the same subject matter and the same operative facts that gave rise to the federal action. The bar of *res judicata* extends not just to what was actually decided in the first suit but also to "those matters that could have been decided in that suit." *River Park, Inc.*, 184 Ill. 2d at 302. Claims are considered part of the same cause of action "even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *River Park, Inc.*, 184 Ill. 2d at 311. As this court has recognized:

> "Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action." *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490-91 (1993).

¶ 23    Plaintiffs draw no factual distinction between the state and federal claims. In fact, plaintiffs do not dispute that their state law claims are based on the same operative facts as the federal suit. Since both suits arose from the same set of operative facts, there is identity of cause of action.

¶ 24    Plaintiffs, however, contend that Deborah could not have asserted an individual claim for intentional infliction of emotional distress in the federal action as part of the putative class action because her intentional infliction of emotional distress claim is an individual claim not common to the class. Plaintiffs cite to *Robinson v. Toyota Motor Credit Corp.*, 315 Ill. App. 3d 1086 (2000), *aff'd in part & rev'd in part*, 201 Ill. 2d 403 (2002), to support their argument that Deborah could not have brought her individual state claim in the federal case. In *Robinson*, the appellate court stated that "an individual claim, not common to the class, that could not have been raised [in the class action]" is not barred by *res judicata* because "[a] class action cannot be used for each class member to litigate his or her own individual claims but, rather, is a forum to litigate issues common to the class." *Robinson*, 315 Ill. App. 3d at 1093. The appellate court in *Robinson* did not cite to any authority for its conclusion,

nor did this court address the issue in reviewing the appellate court's decision.

¶ 25    While we agree that Deborah's claim for intentional infliction of emotional distress may not be a proper claim for class treatment, the plaintiffs provide no procedural reason or authority that a plaintiff is not allowed to include individual state claims as part of a federal section 1983 case. Federal Rule of Civil Procedure 23(c)(4) specifically provides that, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). See generally *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) ("Even if the common questions do not predominate over the individual questions so that class certification of the entire action is warranted, Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)(A) and proceed with class treatment of these particular issues."); *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 189 (4th Cir. 1993) ("Rule 23(c)(4) make[s] plain that district courts may separate and certify certain issues for class treatment"); *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 473 (5th Cir. 1986) ("[n]ecessity moves us to change and invent" in ordering common issue of the health hazards of asbestos to be tried in class action context while individuated claims would be adjudicated separately); *In re Telectronics Pacing Systems, Inc.*, 168 F.R.D. 203, 211 (S.D. Ohio 1996) (certifying class action for determination of common issue of defendant's liability in manufacturing allegedly defective pacemakers, and reserving for separate adjudication individual questions of compensatory damages); *In re Copley Pharmaceutical, Inc.*, 161 F.R.D. 456, 469 (D. Wyo. 1995) (ordering common issue of liability to be tried in class adjudication context in products liability suit while ordering individual questions of causation, injury and compensatory damages claims to be tried separately before separate juries). Thus, there does not appear to be any procedural impediment to including individual state claims while maintaining a section 1983 issue as a class action. Plaintiffs have not cited to any federal authority that prohibits the practice.

¶ 26    We note that the plaintiffs in *River Park, Inc.* made a similar argument, contending that the doctrine of *res judicata* should not apply because they could not have asserted their state claims in federal court. *River Park, Inc.*, 184 Ill. 2d at 317. This court recognized that "the doctrine of *res judicata* does not bar a claim if a court would not have had subject matter jurisdiction to decide that claim in the first suit involving the same cause of action." *River Park, Inc.*, 184 Ill. 2d at 317. However, we rejected the plaintiffs' argument because "[f]ederal courts are entitled to exercise supplemental jurisdiction over claims that are part of the 'same case or controversy' as a claim over which they have original jurisdiction." *River Park, Inc.*, 184 Ill. 2d at 317 (quoting 28 U.S.C. § 1367(a) (1994)). We also rejected the plaintiffs' argument that the district court would have dismissed their state claims for lack of subject matter jurisdiction when it dismissed their section 1983 claim because "a district court has the discretion to exercise supplemental jurisdiction over pendent state claims under these circumstances." *River Park, Inc.*, 184 Ill. 2d at 317-18 (citing 28 U.S.C. § 1367(c) (1994)). We therefore determined that *res judicata* barred plaintiffs' state claims because those claims could have been decided in their federal action. *River Park, Inc.*, 184 Ill. 2d at 318.

¶ 27    Here, plaintiffs admit that Deborah had the option of filing her claims for intentional infliction of emotional distress at the outset of the federal case. Deborah instead chose to file

-6-

a class action claim under section 1983 without including her pendent state claim. In their reply brief, plaintiffs claim that, at some point, Deborah attempted to sever her individual claims from the class claims instead of waiting for the class claims to be fully litigated. Plaintiffs assert that the federal district court denied Deborah's motion to sever the intentional infliction of emotional distress claim from the putative class action and, thus, she was prevented from litigating that claim. Plaintiffs argue that it is unfair to apply *res judicata* under these circumstances because Deborah could not have litigated her state claim in the federal case. This argument is not supported by the record, and the federal district court's decision does not contain an account of this. Plaintiffs cite to a page of the record to support their argument that the district court denied Deborah leave to sever her claims. That page of the record, however, is part of plaintiffs' response to defendant's motion to dismiss plaintiffs' second amended complaint in the circuit court of Cook County. That page only contains plaintiffs' argument that Rossiter is not entitled to immunity.

¶ 28    Plaintiffs cite to the decision of the Seventh Circuit Court of Appeals (*Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009)) to support her argument that the district court also rejected Deborah's attempt to amend her complaint to assert her individual claim. The cited portion of the opinion shows that the federal court of appeals addressed Deborah's argument that the district court abused its discretion in denying her motion to file a second amended complaint to cure pleading deficiencies. *Cooney*, 583 F.3d at 971-72. However, the opinion says nothing about amending the complaint to assert individual claims. Rather, it discusses failure to allege adequately a conspiracy. Plaintiffs have provided this court with no support for their argument that Deborah was prevented from raising claims for intentional infliction of emotional distress in the federal action, and have not attempted to supplement the record with any support for their argument.

¶ 29    Nevertheless, even if true, plaintiffs' argument is without merit. This same unfairness argument was made by the plaintiffs in *River Park, Inc.* This court acknowledged that those plaintiffs were in a "Catch-22" situation because the federal court refused to let them pursue their state claims there, while the state court found those claims barred by the dismissal of the federal action. *River Park, Inc.*, 184 Ill. 2d at 318. This court held that the plaintiffs created the dilemma when they chose not to assert their state causes of action in federal court by including the claims in the federal complaint. *River Park, Inc.*, 184 Ill. 2d at 318-19.

¶ 30    Similar to the plaintiffs in *River Park, Inc.*, Deborah chose not to make her state claim a part of her federal case and, because of her choice, she was later barred. The situation was of her own making, and it was her decision not to assert both claims in federal court.

¶ 31    Accordingly, we find that the two cases arise from the same set of operative facts, making them an identical cause of action for purposes of *res judicata*. Thus, the second element of *res judicata* is met.

¶ 32    Plaintiffs also dispute whether the third element of *res judicata*, identity of parties, was met. Plaintiffs admit that Deborah was a plaintiff in the federal case, but they maintain that Deborah's parents and son, Christopher, were not parties and that they were not in privity with a party to the federal action.

¶ 33    The rule of privity extends the preclusive effect of *res judicata* to those who were not

parties to the original action, if their interests were adequately represented by someone else. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992). Plaintiffs argue that Deborah did not adequately represent the legal interests of all the current plaintiffs in the federal case. We disagree.

¶ 34 The factual allegations of plaintiffs' state complaint and the federal complaint show identity of cause of action in this case. In support of the section 1983 claim, the federal complaint alleged misconduct during individual state-court custody proceedings. Plaintiffs do not dispute that both cases allege the same factual allegations against Rossiter. As this court has recognized,

> " 'Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.' " *People ex rel. Burris*, 151 Ill. 2d at 296 (quoting Restatement of Judgments § 83 cmt. a, at 389 (1942)).

We conclude that there is identity of parties. Deborah and Rossiter are the same parties in both lawsuits and Deborah's parents and her son are her privies.

¶ 35 We find that *res judicata* applies in this case. This court recognized in *River Park, Inc.* that *res judicata* promotes judicial economy by requiring parties to litigate all rights arising out of the same set of operative facts in one case. *River Park, Inc.*, 184 Ill. 2d at 319. *Res judicata* also prevents a party from being unjustly burdened from having to relitigate the same case. *River Park, Inc.*, 184 Ill. 2d at 319. We will not circumvent the purpose of the doctrine of *res judicata* by permitting plaintiffs to pursue their state claims after bringing a claim arising out of the same operative facts against defendant in federal court. Accordingly, we hold that the circuit court properly dismissed plaintiffs' cause of action for intentional infliction of emotional distress under the doctrine of *res judicata*, and the appellate court properly affirmed the circuit court on that basis.

¶ 36 Based on our decision that *res judicata* bars plaintiffs' cause of action and that the circuit court properly dismissed their cause of action on that basis, it is unnecessary for us to address the merits of the absolute immunity argument.

¶ 37 Here, the appellate court affirmed the circuit court's dismissal of plaintiffs' cause of action, finding it was barred under the doctrine of *res judicata*. After rendering its decision on the merits based on *res judicata*, thus disposing of the entire appeal, the appellate court then addressed the merits of the absolute immunity issue, "assuming *arguendo* that the federal suit is not *res judicata*." Having already disposed of plaintiffs' appeal, it was unnecessary for the appellate court to address the absolute immunity issue. Accordingly, we vacate that part of the appellate court order.

¶ 38          III. CONCLUSION

¶ 39 We affirm the judgment of the appellate court in part and vacate in part and affirm the judgment of the circuit court.

¶ 40    Appellate court judgment affirmed in part and vacated in part.

¶ 41    Circuit court judgment affirmed.


¶ 42    JUSTICE BURKE, specially concurring:

¶ 43    The majority begins its opinion by stating, "we address whether plaintiffs' cause of action against a court-appointed psychological evaluator is barred by *res judicata* and absolute immunity." *Supra* ¶ 1. However, after determining that *res judicata* bars the plaintiffs' cause of action for intentional infliction of emotional distress, the majority chooses not to consider the second basis for the appellate court's judgment—that plaintiffs' action is foreclosed because the defendant, as a court-appointed psychologist, has absolute immunity. While I agree with the majority that the circuit court properly dismissed plaintiffs' cause of action under the doctrine of *res judicata*, and the appellate court properly affirmed the circuit court on that basis, I would also address the merits of the absolute immunity argument.

¶ 44    In their petition for leave to appeal, plaintiffs emphasized that whether the common law doctrine of absolute quasi-judicial immunity should be extended to child custody evaluators who are appointed by a court in child custody proceedings pursuant to section 605 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/605 (West 2008)) is an issue of first impression in Illinois and an important public policy concern. Plaintiffs also stated that, if this court should determine that absolute immunity is appropriate, we should use this case to set forth the scope of that immunity and "provide guidance to lower courts going forward."

¶ 45    It was the immunity issue which warranted our allowing plaintiffs' petition, not the fact-specific question of *res judicata*. Because the immunity issue is one of public importance, and because it formed the basis for allowing plaintiffs' petition, I would address it.


¶ 46    JUSTICES FREEMAN and THEIS join in this special concurrence.