NOTICE
Decision filed 03/14/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220017-U

NO. 5-22-0017

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 99-CF-825 |
| | ) | |
| DeALANDUS BEST, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant's section 2-1401 petition was substantively identical to the one previously dismissed, we affirm the circuit court's dismissal of the subsequent pleading based on the doctrine of *res judicata*; where defendant failed to satisfy the "prejudice" prong of the cause-and-prejudice test, the circuit court's denial of defendant's motion for leave to file successive postconviction petition is affirmed.

¶ 2    Defendant, DeAlandus Best, appeals the circuit court's orders denying his petition for postjudgment relief pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2018)) and denying him leave to file a successive postconviction petition. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that no reasonably meritorious argument exists that the court's rulings were erroneous and filed a motion to withdraw as counsel together with a supporting memorandum (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Counsel notified defendant of its motion and this

1

court provided him with an opportunity to file a response, which he has done. After considering OSAD's motion and supporting memorandum, defendant's response, and the record on appeal, we agree this appeal presents no reasonably meritorious issues. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's orders.

¶ 3                                    BACKGROUND

¶ 4     In 2001, following a jury trial, defendant was convicted of two counts of first degree murder. Evidence at trial revealed that defendant and four codefendants—three of whom testified against defendant—planned to rob a local drug dealer, Gerald Little. One of the co-conspirators, Gary James, called Little to lure him to James's house. Little arrived in a truck driven by Christopher Price. However, the planned robbery soon went awry and ended with defendant shooting Little and another conspirator, James Bean, shooting Price. *People v. Best*, No. 5-01-0665 (2003), slip order at 2 (unpublished order under Supreme Court Rule 23) (*Best I*). Because defendant was convicted of killing more than one person, he was subject to a mandatory sentence of natural-life imprisonment, which the court imposed. See 730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 2002).

¶ 5     On direct appeal, defendant argued that the circuit court erred by failing to conduct a hearing based on a series of letters defendant sent to the circuit clerk complaining about defense counsel's representation. See *People v. Krankel*, 102 Ill. 2d 181 (1984). We rejected this claim, finding defendant never presented his grievances in open court despite numerous opportunities to do so and, in subsequent arguments to the court, appeared to endorse counsel's conduct. *Best I*, slip order at 5-9.

¶ 6     In 2003, defendant filed a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2002)). The circuit court appointed counsel who filed an amended petition,

2

raising numerous allegations of ineffective assistance of counsel and trial errors. The court conducted a third-stage hearing but ultimately denied relief. This court affirmed. *People v. Best*, No. 5-04-0035 (2005), slip order at 7 (unpublished order under Supreme Court Rule 23) (*Best II*).

¶ 7       In 2018, defendant filed a section 2-1401 petition, raising numerous claims of the denial of due process and the ineffective or unreasonable assistance of trial, appellate, and postconviction counsels. The State moved to dismiss the petition, arguing the filing was untimely, that none of the claims were appropriate for a section 2-1401 petition, and the claims lacked substantive merit. Following a hearing, the court granted the motion and dismissed the petition. The court found the pleading was untimely, no valid basis existed to excuse the delay, no exception to the two-year limitations period existed, and none of the claims was cognizable in a section 2-1401 petition.

¶ 8       Defendant filed a notice of appeal and moved for the circuit court to waive the $364.50 transcript preparation fee. The circuit court refused, noting that waiver was unavailable for a civil appeal. This court ultimately dismissed defendant's appeal for want of prosecution on July 15, 2021.

¶ 9       On August 5, 2021, defendant sought to withdraw his 2018 petition and filed a second one that was substantively identical to the earlier one. The State moved to dismiss the new petition primarily on the ground of *res judicata*.

¶ 10     At about the same time, defendant filed a "Post-Conviction Petition for Re-Sentencing." In a November 3, 2021, order, the court noted that pages were missing from defendant's most recent filing and granted him leave to file an amended petition. That same day, the court granted the State's motion to dismiss the (second) section 2-1401 petition.

¶ 11     On December 16, 2021, defendant filed two motions which the circuit court reasonably interpreted as a motion for leave to file a successive postconviction petition and a successive

3

postconviction petition. Substantively, defendant argued that his natural-life sentence for a crime he committed at age 19 violated the eighth amendment (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

¶ 12 The circuit court denied leave to file a successive petition, finding defendant failed to allege either cause or prejudice. Defendant timely appealed.

¶ 13                                    ANALYSIS

¶ 14 The circuit court's dismissal of defendant's second 2-1401 petition and denial of defendant's motion for leave to file a successive postconviction petition raising a proportionate-penalties argument are before us. OSAD first addresses the section 2-1401 petition, concluding that it can make no good-faith argument regarding the circuit court's dismissal on *res judicata* grounds was erroneous. We agree.

¶ 15 Section 2-1401 provides a method allowing relief from final judgments or orders that are older than 30 days. See 735 ILCS 5/2-1401 (West 2020). The purpose is "to bring before the court facts not appearing in the record that, if known at the time of the entry of the judgment, would have prevented its rendition." *In re Marriage of Brubaker*, 2022 IL App (2d) 200160, ¶ 19. Such a proceeding "is not 'intended to give a litigant a new opportunity to do that which should have been done in an earlier proceeding.' " *Id.* (quoting *In re Marriage of Travlos*, 218 Ill. App. 3d 1030, 1035 (1991)).

¶ 16 Defendant's 2021 petition was virtually identical to, and involved the same parties as, defendant's 2018 petition that was dismissed for want of prosecution by this court in 2021. " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v.*

4

*David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). This doctrine "applies to all matters that were actually decided in the original action, as well as to matters that could have been decided." *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18.

¶ 17    The trial court found the 2018 section 2-1401(f) petition (1) was untimely filed, (2) contained no valid basis to excuse the delay in filing the petition, (3) failed to include any exception to the two-year statute of limitations period that would apply, and (4) even if it was timely filed, contained arguments that were not properly raised in the section 2-1401(f) petition. While our 2021 dismissal was based on procedural grounds, defendant's failure to timely file a petition for rehearing rendered our dismissal a final decision. *Woodson v. Chicago Board of Education*, 154 Ill. 2d 391, 397 (1993); *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Our dismissal did not diminish the effect of the trial court's original, final decision on the merits.

¶ 18    Defendant's section 2-1401(f) petition filed in 2021 either asserted the same claims decided by the trial court in 2020 or could have been presented in the 2020 appeal. Thus, the circuit court properly dismissed defendant's 2021 section 2-1401(f) petition on the ground of *res judicata*.

¶ 19    OSAD also concludes it can raise no meritorious argument that the circuit court erred by denying leave to file a successive postconviction petition. In the successive petition, defendant sought to raise a claim that the mandatory sentence of natural-life imprisonment violated the eighth amendment (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Defendant cited *Miller v. Alabama*, 567 U.S. 460 (2012), in support of his claim. OSAD concludes that because *Miller* was decided after defendant's direct appeal and first postconviction petition were decided, "cause" for failing to raise the issue in those proceedings was established; however, defendant cannot establish prejudice.

¶ 20     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a statutory mechanism by which criminal defendants may assert that their conviction resulted from a substantial denial of their constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). The Act contemplates the filing of a single petition in any particular case, and a defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2020); *People v. Lusby*, 2020 IL 124046, ¶ 27. The circuit court will grant such leave only if the defendant shows both cause and prejudice. See 725 ILCS 5/122-1(f) (West 2020). "To establish 'cause,' the defendant must show some objective factor external to the defense that impeded his ability to raise the claim in the initial postconviction proceeding." *People v. Holman*, 2017 IL 120655, ¶ 26. "To establish 'prejudice,' the defendant must show the claimed constitutional error so infected his trial that the resulting conviction violated due process." *Id*. "[B]oth *** prongs of the cause-and-prejudice test must be satisfied in order for the defendant to prevail." *People v. Guerrero*, 2012 IL 112020, ¶ 15. Further, "the cause-and-prejudice test for a successive petition involves a higher standard than the first-stage frivolous or patently without merit standard that is set forth in section 122-2.1(a)(2) of the Act." *People v. Smith*, 2014 IL 115946, ¶ 35. "To meet the cause-and-prejudice test for a successive petition requires the defendant to 'submit enough in the way of documentation to allow a circuit court to make that determination.' " *Id*. (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010)).

¶ 21     Here, defendant failed to allege sufficient facts to establish prejudice. In *Miller*, the United States Supreme Court held that the eighth amendment prohibits mandatory life sentences for juveniles who commit murder. *Miller*, 567 U.S. at 489. While defendant is not formally precluded from relying on *Miller*, the *Miller* rule does not directly apply to defendants who attained legal adulthood when they committed their crimes. *People v. Harris*, 2018 IL 121932, ¶ 45. When

6

defendants are 18 or older, the record must be sufficiently developed to determine whether the *Miller* factors apply and whether evidence submitted is sufficient to support the claim. *Id*. ¶¶ 45-46 (citing *Holman*, 2017 IL 120655, ¶ 30). Here, defendant argued that he was only the lookout; however, this argument is inconsistent with the State's theory that defendant fired the fatal shots. Defendant also argued that he evidenced rehabilitation by providing a copy of his high school equivalency certificate. Although admirable, this is insufficient to demonstrate that he would have received a lesser sentence.

¶ 22    In *People v. White*, 2020 IL App (5th) 170345, the defendant sought to file a successive postconviction petition to raise a quasi-*Miller* claim. We affirmed the trial court's denial of leave, stating *Harris*

> "made no mention of exactly what is necessary to overcome the high bar for leave to file a successive postconviction petition, and we find that a flat allegation as to evolving science on juvenile maturity and brain development is simply insufficient. See *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010) (a defendant seeking leave to institute a successive postconviction 'must submit enough in the way of documentation to allow a circuit court to' determine whether leave should be granted)." *Id.* ¶ 24.

¶ 23    A similar result was seen in *People v. Moore*, 2020 IL App (4th) 190528. In *Moore*, defendant asserted that a 19-year-old's brain was more like a 17-year-old adolescent brain in terms of development. *Id*. ¶ 40. The court found this assertion "insufficient to survive the more exacting standard that would warrant the filing of a successive postconviction petition." *Id*.

¶ 24    Defendant's petition in the case at bar offered nothing more specific than what was seen in *White* and *Moore* and, consistent with those cases, the circuit court did not err in dismissing the motion for leave to file a successive petition. In his response, defendant addresses this issue only

briefly. Other than the patently false factual assertions that he was a juvenile when he committed the crimes and that he was convicted solely of being a lookout, he offers no further support for the assertion that application of the mandatory-natural-life provision to him was unfair, which is insufficient for the reasons set forth above.

¶ 25                                    CONCLUSION

¶ 26    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 27    Motion granted; judgment affirmed.