2023 IL App (1st) 220770-U

SIXTH DIVISION
December 8, 2023

No. 1-22-0770

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| VERDIA TAYLOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 20 L 013902 |
| | ) | |
| CITI BANK CORPORATION, | ) | The Honorable |
| | ) | Patrick Sherlock, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    Held:    The judgment of the circuit court dismissing plaintiff's complaint under the doctrine of *res judicata* is affirmed.

¶ 2                                    I. BACKGROUND

¶ 3    Plaintiff Verdia Taylor appeals *pro se* from the circuit court's dismissal of her complaint for breach of contract against Defendant Citi Bank Corporation (Citibank). Citibank did not file a brief in this appeal and, as a result, we consider only Taylor's brief and the record.

¶ 4    On December 31, 2020, Taylor filed a complaint alleging that Citibank "allowed wrongful withdrawals from the 'frozen' accounts of the Estate of Verdia Taylor Sr." Verdia Taylor Sr. was

Taylor's mother. As the administrator of the estate of Verdia Taylor Sr. (Estate), Taylor sought a judgment against Citibank to return "the original 60K" in the Citibank account to the Estate and to impose punitive damages against Citibank. The record suggests that Taylor shared the Citibank account with her mother, and that Taylor's other family members wrongfully withdrew funds from the account. Taylor alleged that Citibank was "guilty of breach of written contract[,]" but she did not attach the contract or any supporting exhibits to her complaint.

¶ 5      On July 21, 2021, the circuit court defaulted Citibank for failing to appear and set the case for prove-up on September 9, 2021. The circuit court continued the case several times to allow Taylor to obtain and provide evidence to support her allegations, and it ultimately set the case for prove-up on February 2, 2022.

¶ 6      Before the February 2, 2022, prove-up hearing, Citibank filed an appearance and a motion to vacate default order and for an extension of time. On February 8, 2022, the circuit court vacated the order of default entered on July 21, 2021, and ordered Citibank to file an answer to the complaint by February 23, 2022.

¶ 7      On February 23, 2022, Citibank filed a combined motion to dismiss pursuant to section 5/2-619.1 of the Civil Practice Law (735 ILCS 5/2-619.1 (West 2020)), asserting, *inter alia*, that Taylor's complaint failed to state a claim, and that the complaint was barred by *res judicata* and the statute of limitations.

¶ 8      With respect to its *res judicata* defense, Citibank stated that on May 18, 2010, Taylor filed a complaint against Citibank in the Circuit Court of Cook County, styled: *Verdia Taylor v. Citi-Bank Corporation*, case no. 2010 L 5832 (2010 action). The 2010 action alleged that Citibank "allowed 35K(+) – possibly more, to be removed from accounts by false representation causing hardship to the family and inability to 'bury' loved ones properly[.]" Taylor alleged three claims:

(1) professional malpractice; (2) extreme financial hardship; and (3) gross negligence. She sought $1 million in damages. Citibank removed the case to federal court and at the same time moved to dismiss the complaint. There the action was styled, *Verdua(sic) Taylor v. Citibank N.A.*, no. 10 C 3742. Taylor failed to respond to Citibank's motion. On October 15, 2010, the federal court dismissed the 2010 action with prejudice, reasoning that the economic loss doctrine barred Taylor's complaint and that Illinois did not recognize claims for gross negligence or "extreme financial hardship."

¶ 9    Seven years later, on October 25, 2017, Taylor filed a second complaint against Citibank in federal court, styled: *Estate of Verdia Taylor Sr., Verdia Taylor Jr. v. Citi-Bank Corporation*, case no.17 CV 7709 (2017 action). The 2017 action alleged that:

> "On numerous occasions the bank account of [Taylor's mother] was frozen repeatedly (by City-Bank) [sic] at the request of [Taylor's mother] and [Taylor] but reopened, repeatedly by City-Bank [sic] 'without' the permission of [Taylor's mother] or her Estate. Citibank allowed 40K to flow out of the account by use of fraudulent signatures of other family members (siblings)."

¶ 10    Taylor sought a judgment for "the return of 40K dollars fraudulently removed from the Citi-Bank [sic] account in question," as well as for punitive damages equal to the "original" amount placed in the account, which was "50K." Taylor asserted the following claims: (1) "issues of discovery"; (2) "mental and emotional anguish"; (3) "humiliation"; and (4) "professional malpractice."

¶ 11    On November 17, 2017, the federal court dismissed the 2017 action with prejudice. The court reasoned that the 2017 action asserted claims against Citibank related to the "management of her bank accounts[,]" the same claims raised by Taylor in the 2010 action, which the federal

court dismissed with prejudice. The federal court ruled that the doctrine of claim preclusion barred the 2017 action.

¶ 12     Here, Citibank argued that under the doctrine of *res judicata*, Taylor's current action was barred by the final judgments rendered by the federal court in both the 2010 and 2017 actions because both actions were dismissed with prejudice, and neither was appealed. Citibank asserted that a dismissal of a complaint for a failure to state a claim constitutes an adjudication on the merits. Relying on *River Park, Inc v. City of Highland Park,* 184 Ill. 2d 290 (1998), Citibank argued that *res judicata* bars a litigant's breach of contract claim in state court where it arises from the same core of operative facts as the claims previously dismissed with prejudice by a federal court. Specifically, Citibank argued that the cause of action asserted in the 2010 action, 2017 action, and the current action were the same even though the various actions alleged different legal theories. Relying on *Cooney v. Rossiter*, 2012 IL 113227, Citibank argued that a claim for breach of contract in the present action is considered the same cause of action for purposes of *res judicata* because it arises from the same operative facts alleged in the 2010 and 2017 actions, in that all three actions alleged wrongful withdrawals from the Citibank account. Lastly, Citibank argued that the identity of the parties is the same because Taylor filed all three actions against Citibank.

¶ 13     In response, Taylor argued that the causes of action are not identical because unlike the tort claims she asserted in the 2010 and 2017 actions, the present action asserted a claim for breach of contract. In addition, she argued that *res judicata* did not apply because the 2010 and 2017 actions were decided by a federal court and the present action was before a state court.

¶ 14     On May 3, 2022, the circuit court granted Citibank's motion to dismiss, reasoning that the current complaint was barred by the doctrine of *res judicata*. Taylor timely filed her notice of appeal on June 1, 2022.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, Taylor asserts that the instant lawsuit is meant to "correct the mistake of filing

an inappropriate Cause of Action that was stated in the original case upon which this current case

is based" and "not to resurrect old causes of action." Taylor argues that Citibank breached its

contractual obligations to her when it allowed improper withdrawals from the Citibank account,

and that the doctrine of *res judicata* does not bar this action because "the Breach of Contract could

not have been previously presented due to the freezing and unfreezing of the account." Taylor

asserts that there was not a breach at the time of the previous filings "[d]ue to the intermittent

nature of the account, the account was frozen at the time of the original filings, and was never

mentioned in the reconsideration filings[.]"

¶ 17    We review dismissals pursuant to sections 2-615 (735 ILCS 5/2-615 (West 2020)) and 2-

619 (735 ILCS 5/2-619 (West 2020)) *de novo*. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9.

Here, because it is dispositive, we only need to consider Citibank's section 2-619 motion to dismiss

asserting the doctrine of *res judicata*. A section 2-619 motion to dismiss admits the sufficiency of

the claim but asserts an affirmative matter outside of the pleadings that defeats the claim. *Id.*

¶ 18    Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of

competent jurisdiction bars any subsequent cause of action between the parties on the same cause

of action. *Coonery v. Rossiter*, 2012 IL 113227, ¶ 18. The doctrine applies to all matters decided

in the prior action *and all matters that could have been decided*. (Emphasis added.) *Id.* The doctrine

of *res judicata* bars a subsequent action if the following three requirements are met: (1) there was

a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an

identity of cause of action; and (3) there was an identity of parties. *Id.* We discuss each requirement

in turn.

¶ 19    First, there are two final judgments on the merits rendered by the federal court. *Id*. As discussed, Taylor filed complaints against Citibank in 2010 and 2017, alleging that funds were missing from the Citibank account. A federal court dismissed Taylor's 2010 action for failure to state a claim. A dismissal for failure to state a claim is a final judgment on the merits. *Nowak v. St. Rita High School*, 197 Ill. 2d. 381, 390 (2001). Additionally, the 2017 action was also dismissed with prejudice pursuant to the doctrine of *res judicata*. The federal court, in reviewing the dismissal of the 2010 action, ruled that the 2017 action was barred by the doctrine of claim preclusion. Taylor did not appeal the dismissal of either the 2010 or the 2017 action. These dismissals were judgments on the merits and satisfy the first requirement of the doctrine of *res judicata.*

¶ 20    Second, there is an identity of the cause of action between this action and the 2010 and 2017 actions. *Coonery,* 2012 IL 113227, ¶ 17. It is undisputed that the 2010 and 2017 actions alleged improper withdrawals from the same Citibank account. Taylor specifically acknowledges in her brief that the instant action "was to correct the mistake of filing an inappropriate Cause of Action that was stated in the *original* case upon which this *current* case is based." (Emphasis in the original.) Even without this concession by Taylor, the record readily establishes that all three actions allege inappropriate withdrawals from the same Citibank account shared by Taylor and her mother for which Citibank is allegedly responsible because the account had been frozen by Taylor or her mother. We reject Taylor's assertion that she could not have filed a breach of contract claim in 2010 because the Citibank account was frozen at the time in accordance with her and her mother's wishes. The 2010 action alleged that the wrongful withdrawals had already occurred and any of those withdrawals may have supported a breach of contract claim. Though the 2010 and 2017 actions do not provide a definitive timeline of the improper withdrawals, the 2010 action alleged wrongful withdrawals prior to May 18, 2010, and the wrongful withdrawals continued

after the dismissal of the 2010 action on October 15, 2010, and after the death of Taylor's mother on October 5, 2011. After Taylor's mother's death, any wrongful withdrawals must have occurred before the Citibank account was closed in November 2013 for a lack of funds.

¶ 21    Consequently, all predicate acts or omissions by Citibank pertaining to the subject withdrawals occurred prior to November 2013 when the Citibank account was closed. Any claims Taylor may have had about withdrawals made *after* the dismissal of the 2010 action could have been alleged in the 2017 action. Although the federal court dismissed the 2017 action on *res judicata* grounds, it is unclear from the order if the federal court considered whether there were additional facts included in the 2017 action that were not pled in the 2010 action. Regardless, as stated before, neither judgment was appealed, and we are not in the position to second guess the validity of the judgments. "It is well established that the facts as they exist at the time of judgment determine whether *res judicata* bars a subsequent action." *Doe v. Gleicher*, 393 Ill. App. 3d 31, 39 (1st Dist. 2009) (citing *Altair Corp. v. Grand Premier Trust & Investment, Inc.,* 318 Ill. App. 57, 62 (2000). It is apparent from the record that all the facts that support the instant case were knowable at the time of the 2017 action and at least some—if not most—of them were known at the time of the 2010 action.

¶ 22    Lastly, there was an identity of parties. *Coonery,* 2012 IL 113227, ¶ 17. Taylor filed all three actions against Citibank.

¶ 23    Accordingly, we find that the instant complaint was properly dismissed under the doctrine of *res judicata*.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26    Affirmed.