THE CITY OF EVANSTON, Plaintiff-Appellee, *v.* G. & S. MORTGAGE AND INVESTMENT CORPORATION, Defendant-Appellant.

(No. 57185; )

First District (2nd Division)—April 17, 1973.

Samual Morgan, of Chicago, for appellant.

Jack M. Siegel, Corporation Counsel, of Evanston, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant G. & S. Mortgage and Investment Corp. (hereinafter referred to as G & S) has been the owner of an apartment building at 1003-1009 Greenleaf Street in Evanston since 1967. On December 9, 1968 plaintiff instituted this quasi-criminal suit against defendant for violation of the Evanston Housing Code and zoning ordinances. Defendant was charged with maintaining three dwelling units more than allowed by the zoning ordinance, and also with maintaining a dwelling unit in the cellar in violation of the Evanston Housing Code. Plaintiff's complaint alleged that these violations existed from March 19, 1968 through December 1, 1968. A jury trial was waived, and on July 15, 1971 defendant was found guilty and fined $100.

Defendant appealed this judgment directly to the Illinois Supreme Court which has transferred this matter to our court. The issues presented for review are: (1) whether a finding of guilty in prior litigation between the parties bars the litigation of the validity of the zoning ordinance; and (2) whether the zoning ordinance is unreasonable, confiscatory, and deprives defendant of its property without due process of law.

The facts in this case indicate that in 1925 the City of Evanston issued a permit authorizing the construction of a ten unit apartment building at 1003-1009 Greenleaf Street. Twelve units were originally constructed, and prior to January 1969, twelve units and a basement apartment were being utilized. There is no evidence that the twelve unit building ever existed as a legal nonconforming use.* In 1968 plaintiff conducted an in-

---

\* The 1921 zoning ordinance required a minimum lot area per dwelling unit allowed approximately 10 dwelling units in the building. Under present requirements only 4 dwelling units would be allowed.

tensive check for zoning violations in various sections of the city, and as a result, a quasi-criminal complaint was filed against G & S on September 16, 1968. The complaint charged that on or about March 18, 1968, and for a long time prior, G & S violated the zoning ordinance and Housing Code by maintaining three units more than allowed, including a dwelling unit in the cellar.

On November 22, 1968 G & S was found guilty and fined $100. Four days later G & S filed a suit in the Chancery Division of the Circuit Court asking for a temporary restraining order to prevent the city from instituting any further quasi-criminal proceedings based upon the alleged violation. The chancellor denied the restraining order, and this order was affirmed by the Appellate Court. ( *G. & S. Mortgage & Investment Corp. v. City of Evanston,* 130 Ill.App.2d 370, 264 N.E.2d 740.) G & S did not appeal the judgment of November 22, 1968.

In the instant suit plaintiff charged the same offenses as in the prior suit. Because of the judgment of November 22, 1968, the trial court limited the evidence to whether the same conditions existed on March 19, 1968 which were found to exist on March 18. The trial court ruled that the unreasonableness and unconstitutionality of the zoning ordinance was litigated or could have been litigated in the prior suit, and therefore could not be relitigated in this suit.

Defendant was allowed to make an offer of proof to show that (1) twelve units were built in 1925 and there have been no structural changes since that time; (2) public health, safety and welfare would not be promoted by a reduction in the number of apartments; and (3) a reduction in the number of apartments would reduce defendant's income to a point where defendant would be unable to meet its mortgage and tax responsibilities. The court then found defendant guilty of the offenses charged.

■■ The principal issue on appeal is whether the doctrines of *res judicata* and collateral estoppel bar further litigation of the validity and constitutionality of the Evanston zoning ordinance. Initially, we must recognize that an action to recover a penalty for violation of an ordinance is a quasi-criminal proceeding. However, it is well settled that, although the suit is criminal in nature, it is civil in form, and civil rules of procedure apply. ( *City of Chicago v. Ballinger,* 45 Ill.App.2d 407, 195 N.E.2d 739; *City of Chicago v. Provus,* 115 Ill.App.2d 176, 253 N.E.2d 182.) Therefore there is no question that the principles of *res judicata* and collateral estoppel may be applied in an ordinance violation suit.

Defendant contends that in applying the doctrine of *res judicata,* a court must ascertain what facts the prior judgment determined. Defendant argues that plaintiff merely introduced a finding of guilty in the

prior quasi-criminal action; there were no findings by the court in the prior suit, and there was no report of proceedings. Defendant concludes that, because it is impossible to determine if the validity of the ordinance was in fact litigated in the prior suit, *res judicata* cannot bar litigation of that issue in the present suit.

■■ The doctrine of *res judicata* is two-pronged. The first prong is the doctrine of estoppel by judgment. When a cause of action has been litigated in a court of competent jurisdiction to final judgment on the merits, the parties to that action and their privies are thereafter estopped from relitigating in a subsequent action in the same or any other court, not only the issues which were in fact raised and decided in the prior action, but also all other issues which might have been raised in that prior action. (*Hoffman v. Hoffman*, 330 Ill. 413, 161 N.E. 723; *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450.) This "might have been" *res judicata* dimension exists *only* under the concept of estoppel by judgment. And estoppel by judgment applies *only* when both actions are based on the *same* cause of action. *Hoffman v. Hoffman, supra.*

■■ The second prong is the doctrine of estoppel by verdict (sometimes called collateral estoppel). When, in a subsequent action on a *different* cause of action between parties to a prior action on their privies (which prior action had been litigated to final judgment in a court of competent jurisdiction), there arises an issue which *was in fact* raised and decided in the prior action, then the parties to the subsequent action are estopped by the verdict in the prior action from relitigating *that issue* in the same or any other court in the subsequent action. (*Charles E. Harding Co. v. Harding*, 352 Ill. 417; *City of Chicago v. Provus, supra.*) There is no "might have been" *res judicata* dimension to the doctrine of estoppel by verdict; the issue in the subsequent action as to which the parties are estopped must *in fact* have been raised and decided in the prior action. On the other hand, the doctrine of estoppel by verdict applies *only* when the subsequent action is based on a *different* cause of action. *Charles E. Harding Co. v. Harding, supra.*

■■ In the instant case, the subsequent action *was* based on a *different* cause of action and not on the same cause of action, because under the City's zoning ordinance each day's violation is a separate offense. The offenses being prosecuted in the second action were different and separate offenses from the offenses which had been prosecuted in the first action. As a result, the doctrine of estoppel by judgment with its "might have been" *res judicata* dimension is inapplicable to this instant second action.

It follows that *only* the *res judicata* doctrine of estoppel by verdict

could apply in this second action, and then only to issues which *in fact* had been raised and finally decided in the first action.

■■ In order to determine what those issues were, we must have recourse to the record. (*Cohen v. Schlossberg*, 17 Ill.App.2d 320, 150 N.E.2d 218; *City of Chicago v. Provus, supra.*) If the record is silent as to what those issues were and consists merely of a finding and judgment of guilty to the charges in the complaint, then the only inference which may be drawn is that the issues actually raised and decided were the essential issues which plaintiff necessarily had to raise and prove in order for defendant to have been found guilty of the charges in the complaint. No inference can be drawn that *affirmative* defenses available to defendant were in fact raised, and there can be no inferred estoppel by verdict as to those *affirmative* defenses which are then later raised in the second action.

The defense that the provisions of the zoning ordinance as applied to the instant premises were unconstitutional is clearly an *affirmative* defense. It follows that, on the state of this record, the doctrine of estoppel by verdict is not available to plaintiffs.

■■ In addition, the decision of the Appellate Court affirming the denial of G & S's motion for a temporary restraining order (130 Ill.App.2d 370, 264 N.E.2d 740.) did not determine the constitutionality of the ordinance. The court there held that the city is not estopped from enforcing its ordinances after 43 years of non-enforcement, and that G & S's estoppel argument did not overcome the presumption of the validity of the ordinance.

■■ In view of the above conclusions, defendant was erroneously barred from contesting the unconstitutionality of the ordinance. We do not believe that we can determine this constitutional issue on the basis of defendant's offer of proof. Therefore, the judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

LEIGHTON and HAYES, JJ., concur.