AGNES M. PIEROG *et al.,* Plaintiffs, *v.* H. F. KARL CONTRACTORS, INC., *et al.,* Defendants and Counterplaintiffs-Appellants.—(THE VILLAGE OF RIVERSIDE *et al.,* Counterdefendants-Appellees.)

First District (1st Division) No. 62832

Opinion filed June 14, 1976.—Rehearing denied July 30, 1976.

Ancel, Glink, Diamond & Murphy, P.C., of Chicago (Robert E. Grundin, of counsel), for appellants.

Pedersen & Houpt, of Chicago (David C. Newman, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Counterplaintiffs appeal from the dismissal of their counterclaim which sought declaratory and injunctive relief against the Village of Riverside. Counterplaintiffs alleged in their counterclaim that a provision of the Village's zoning ordinance requiring 2200 square feet of lot area per living unit is unconstitutional as applied to an apartment building located at 89 Lincoln Avenue, Riverside, Illinois. The trial court ruled that the counterclaim was barred by a prior judgment of "guilty" entered against the counterplaintiffs in a quasi-criminal action brought by the Village for violating the zoning ordinance in question. Counterplaintiffs contend on appeal that their counterclaim should not be barred by the prior judgment in the quasi-criminal action.

On March 27, 1972, Carl Veltmann and Elizabeth Veltmann, the officers and principal shareholders of H. F. Karl Contractors, Inc., submitted an application to the Village of Riverside for permission to erect a five-unit apartment building. Application was granted, and in the fall of 1972, the Veltmanns completed construction of a building containing six rather than five apartments. The Veltmanns maintained and leased the structure as a six-unit apartment building until it was sold on July 22, 1973.

On August 27, 1973, the Village of Riverside brought a quasi-criminal action in the 4th Municipal District of the circuit court of Cook County against Carl Veltmann. The Village alleged that the maintenance of a six-unit apartment building at 89 Lincoln Avenue violated the minimum lot area requirements for each household unit as prescribed by the Village's zoning ordinance. The complaint alleged that the violation continuously occurred between June 26, 1973, and July 31, 1973, despite due notice by the Village to cease utilization of the sixth apartment as a household unit. Following a "technical plea" of "not guilty," Veltmann was found "guilty" on January 4, 1974, and fined $200 plus costs. The trial court's half-sheet contains the record of the proceeding.

On January 29, 1974, Veltmann filed a motion for a new trial alleging that the minimum lot area requirements of the Village's zoning ordinance were constitutionally invalid in their application to the premises located at 89 Lincoln Avenue. Veltmann argued in his post-trial motion that the

court erred in sustaining the presumptive validity of the zoning requirements in question. The motion outlines several arguments in support of Veltmann's contention that the Village's minimum lot area requirements, as applied, are unconstitutional. The trial court's half-sheet reflects that on September 20, 1974, Veltmann's post-trial motion was heard and denied. Veltmann did not appeal the finding and judgment in the quasi-criminal action.

On May 25, 1973, H. F. Karl Contractors, Inc., by the Veltmanns, entered into a real estate contract to sell the building as a six-apartment structure to Agnes Pierog and Marian Pierog. The transaction was completed on July 22, 1973, when the Pierogs tendered the purchase price and took possession of the building. The Village notified the Pierogs on September 5, 1973, that their recently purchased building could not be maintained as a six-unit structure under applicable minimum lot area zoning requirements. The Pierogs complied with the zoning requirements and presently maintain the building as a five-apartment structure.

On August 5, 1974, the Pierogs brought an action against the Veltmanns and H. F. Karl Contractors, Inc., demanding rescission of the real estate contract on the ground that the building was fraudulently represented as being constructed in compliance with all applicable zoning ordinances. The Pierogs prayed for return of the purchase price as well as compensatory and exemplary damages. The Veltmanns responded on September 13, 1974, with a motion requesting that the Village of Riverside be joined as a party defendant; that the quasi-criminal action pending on a motion for a new trial in the 4th Municipal District of the circuit court of Cook County be consolidated with the action brought by the Pierogs; and that time to answer or further plead be extended. On September 27, 1974, the trial court denied the Veltmanns' motion to consolidate the actions but allowed the Village of Riverside to be joined as a counterdefendant. The ruling on the Veltmanns' motion in the Pierog action was made one week after Carl Veltmann's motion for a new trial in the quasi-criminal action was denied.

On October 21, 1974, the Veltmanns filed an answer and affirmative defenses to the Pierogs' complaint. A counterclaim was also brought by the Veltmanns against the Village of Riverside as counterdefendant. The Veltmanns requested declaratory and injunctive relief alleging in their counterclaim that the minimum lot area requirements of the Village's zoning ordinance were constitutionally invalid as applied to the building located at 89 Lincoln Avenue. Eight paragraphs contained in the counterclaim are identical in language to eight paragraphs contained in the Veltmanns' motion for a new trial against the Village in the quasi-criminal action. Identical arguments asserting identical facts about the neighborhood in which the building is located are pleaded in the

counterclaim as well as in the motion for a new trial in the quasi-criminal action. The Village responded with a motion to dismiss the counterclaim on the ground that it should be barred by the prior judgment entered against Carl Veltmann in the quasi-criminal action brought by the Village. The trial court granted the Village's motion to dismiss the counterclaim, and this appeal followed.

■■ Illinois courts have long recognized the distinction between the doctrines of estoppel by judgment (generally termed *res judicata*) and estoppel by verdict (generally termed collateral estoppel). Under the doctrine of estoppel by judgment, a final judgment rendered by a court of competent jurisdiction in a cause of action between two parties operates to estop the same parties or their privies from relitigating matters found to be part of the *same* cause of action before the same or a different tribunal. The judgment in the first action is conclusive as to all questions actually decided and to all questions which might have been litigated and determined in that action. (*City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450; *Schoenbrod v. Rosenthal*, 36 Ill. App. 2d 112, 183 N.E.2d 188.) The *res judicata* effect of a prior judgment is not mitigated by the fact that it rests upon an erroneous view of the law; nor is the value of a plea of *res judicata* determined by the reasons given by a court in support of the prior judgment. *People v. Kidd*, 398 Ill. 405, 75 N.E.2d 851.

■■ However, when the same parties or their privies are engaged in a subsequent cause of action, which is *different* from a prior cause of action, the doctrine of estoppel by verdict becomes applicable. Under the doctrine of estoppel by verdict, the former adjudication estops relitigation of only those matters actually raised and decided in the prior action. (*Kedzierski v. Kedzierski*, 86 Ill. App. 2d 264, 229 N.E.2d 919.) It has been held that the record in the prior cause of action must in fact reflect a determination of issues before the doctrine of estoppel by verdict will preclude the relitigation of those issues in a subsequent, but different, cause of action. *City of Evanston v. G. & S. Mortgage & Investment Corp.*, 11 Ill. App. 3d 642, 297 N.E.2d 331.

The Veltmanns contend on appeal that their counterclaim against the Village in the Pierog suit is based upon a cause of action different in nature than the quasi-criminal action brought by the Village. The Veltmanns urge application of the doctrine of estoppel by verdict. They argue that the issue of the zoning ordinance's constitutional validity is properly raised in their counterclaim because no report of proceedings exists in the quasi-criminal action to indicate that the issue was previously raised and decided. The Village, on the other hand, urges application of the doctrine of estoppel by judgment. The quasi-criminal action, the Village argues, is based upon the same cause of action as the Veltmanns' counterclaim.

■■ A cause of action consists of a single group of facts which gives

the plaintiff a right to seek redress for a wrong done by the defendant by which that right has been violated. (*City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450; *Bridgeport Hydraulic Co. v. Pearson* (1952), 139 Conn. 186, 91 A.2d 778.) The test generally employed to determine identity of causes of action for *res judicata* purposes is whether the evidence needed to sustain the second action would have sustained the first action. (Restatement of Judgments §61 (1942); *Melohn v. Ganley*, 344 Ill. App. 316, 100 N.E.2d 780.) The identity of the causes of action may be determined from the record as well as from the pleadings found in both actions. (*City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450; *Schoenbrod v. Rosenthal*, 36 Ill. App. 2d 112, 183 N.E.2d 188; *Reno Club, Inc. v. Harrah* (1953), 70 Nev. 125, 260 P.2d 304.) Although a single group of operative facts may give rise to the assertion of different kinds of relief, or different theories of recovery, it is still a single cause of action. Restatement of Judgments, §65, Comment, at 272 (1942); *Kaufman v. Somers Board of Education* (D. Conn. 1973), 368 F.Supp. 28.

A single cause of action is at the base of the Veltmanns' counterclaim and the Village's prior quasi-criminal complaint. The purpose of the Village's quasi-criminal action was to enforce the Village's minimum lot area zoning requirements and enjoin the Veltmanns from maintaining an illegal six-unit apartment building. The effect of the trial court's finding of "guilty" was to sustain the constitutional validity of the Village's zoning requirements. The Veltmanns' motion for a new trial expressly recognized the effect of the judgment in the quasi-criminal action by stating, " * * * the trial court erred as a matter of law in sustaining the presumptive validity of the density provisions of the Riverside zoning ordinance as applied to the subject property." The trial court denied the motion for a new trial, again sustaining the constitutional validity of the zoning requirements. The Veltmanns did not appeal.

The Veltmanns' counterclaim constitutes an attempt to relitigate the same issue which had been determined in the quasi-criminal action. The counterclaim challenges the constitutional validity of the Village's zoning requirements. The court in the quasi-criminal action had decided that the zoning requirements were constitutionally valid, despite the Veltmanns' arguments to the contrary. As we previously noted, the counterclaim pleaded the identical facts and arguments which had been alleged by the Veltmanns against the Village in the quasi-criminal action. Clearly, the evidence needed to sustain the Veltmanns' claim against the Village in both actions is the same.

■■ In essence, there is a single group of facts which gives rise to corresponding rights and duties on the part of the Village and the Veltmanns. The court in the quasi-criminal action determined the rights and duties of the parties in relation to the application of the Village's

zoning requirements to the six-unit apartment building. We must apply the doctrine of estoppel by judgment and hold that the prior judgment bars relitigation of the identical rights and duties of the same parties with respect to the application of the same zoning requirements. *Mistretta v. Village of River Forest*, 2 Ill. App. 3d 102, 276 N.E.2d 131; *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450.

The appellants misplace their reliance on the case of *City of Evanston v. G. & S. Mortgage & Investment Corp.*, 11 Ill. App. 3d 642, 297 N.E.2d 331. This court in the *City of Evanston* case held that two separate quasi-criminal actions based upon zoning ordinance violations occurring at different times were to be considered different causes of action. The doctrine of estoppel by judgment was found to be inapplicable in the *City of Evanston* case. In the present case, we are not confronted with two separate quasi-criminal actions based upon different violations committed by the same party. For these reasons, the judgment is affirmed.

Judgment affirmed.

SIMON and O'CONNOR, JJ., concur.