NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210703-U

NO. 4-21-0703

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 19, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THOMAS POWERS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Schuyler County |
| HEATHER HYMES, PAULA LODGE, LOUIS SISTO, | ) | No. 20L7 |
| and OLIVIA ORWITZ, | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Ramon M. Escapa, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed because plaintiff's claims were barred by principles
of *res judicata*. Plaintiff previously raised his claims in both federal and state
court and failed to present a record to show he could not have raised allegedly
new claims in his previous actions. Plaintiff further failed to state a claim based
on the Illinois False Claims Act (740 ILCS 175/1 *et seq.* (West 2020)).

¶ 2     Plaintiff, Thomas Powers, a civil detainee at the Rushville Treatment and

Detention Facility (the facility) under the Illinois Sexually Violent Persons Commitment Act

(725 ILCS 207/1 *et seq.* (West 2020)), filed a *pro se* complaint against defendants Heather

Hymes, Paula Lodge, Louis Sisto, and Olivia Orwitz. The record indicates defendants are

employees of a vendor of the facility contracted to provide sex-offender and mental health

treatment. Plaintiff alleged violations of the Illinois Constitution and the Illinois False Claims

Act (Act) (740 ILCS 175/1 *et seq.* (West 2020)) in connection with claims he was denied sex-

offender treatment specific to his diagnosed disorder. The trial court granted defendants' motion to dismiss based on plaintiff's failure to state a claim and principles of *res judicata*.

¶ 3        Plaintiff appeals, contending *res judicata* does not apply and he sufficiently stated constitutional and statutory claims. We affirm.

¶ 4                                I. BACKGROUND

¶ 5                        A. Plaintiff's Previous Federal Actions

¶ 6        The record shows plaintiff has previously filed at least 35 federal lawsuits concerning his detention at the facility. In addition, the record shows the Seventh Circuit Court of Appeals has found plaintiff abused the federal district court's partial filing fee procedure and thus restricted his ability to proceed *in forma pauperis* until he has paid in full all outstanding fees and costs connected with his lawsuits. Plaintiff filed his complaint in the instant case shortly after the United States District Court for the Central District of Illinois dismissed a lawsuit filed against the same defendants in the instant case and additional defendants. *Powers v. Caraway, et al.*, Case No. 20-cv-04080 (*Caraway*).

¶ 7        In *Caraway*, plaintiff originally filed a complaint on November 26, 2019, in state court alleging unspecified violations of the Illinois Constitution. Defendants removed the case to federal court, and plaintiff filed a motion to remand back to state court. The federal court noted plaintiff alleged violations of the Illinois Constitution, but clearly made the same or similar federal claims that were raised in previous federal cases. The court denied the motion to remand and next addressed a motion by plaintiff for leave to amend. On July 16, 2020, the court denied the motion and dismissed the case with prejudice.

¶ 8        Among plaintiff's claims, the court first addressed a due process claim, noting plaintiff alleged multiple defendants, including Lodge, violated his due process rights by denying

him treatment for his specific diagnosis of "other specified paraphilic disorder (OSPD) 'nonconsent.' " Instead, plaintiff was assigned to a "Power to Change" therapy group, which he alleged was not sex-offender-specific treatment. Plaintiff also alleged defendants refused to allow him to progress in treatment or be placed in sex-offender treatment unless or until he admitted facts connected with his criminal conviction, which he argued would violate his constitutional right against self-incrimination. He stated he "never received treatment" for OSPD nonconsent since his arrival at the facility and the denial was a departure from standards of professional judgment. Plaintiff further alleged the denial deprived him of liberty interests, because the lack of sex-offender treatment acted to deny him of "treatment tasks," such as dietary work, to prepare him to perform such duties when he reached conditional release. He indicated he was also denied the ability to receive "life reward points" to purchase items at the facility. Plaintiff noted employee progress notes stating he "uses 'power and control' in lawsuits," "refuses to accept responsibility," "minimizes," and "brings legal agenda and God in groups." Plaintiff alleged those statements were untrue. He also alleged behavior reports describing him as resistant to treatment were untrue.

¶ 9        The federal court observed plaintiff previously filed suits making the same claims. The court then held plaintiff failed to state a claim because, as the Seventh Circuit held in one of his previous cases, under *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982), the constitution requires only that committed persons are entitled to some treatment and what that treatment entails must be decided by mental health professionals whose professional choices are presumptively valid absent a substantial departure from accepted professional practice. See *Powers v. Block*, 750 Fed. Appx. 480, 484 (7th Cir. 2018). The court found the Power to Change group was a common therapy group and requiring plaintiff to admit to prior acts of sexual

violence to progress through treatment was a reasonable focus of treatment and not in violation of his right against self-incrimination. The court found plaintiff failed to allege facts suggesting defendants demonstrated a substantial departure from accepted professional judgment, as general dissatisfaction with group therapy did not rise to the level of a constitutional violation. The court also addressed allegations of retaliation for filing lawsuits, including allegations defendants denied plaintiff room requests, limited his library time, and denied him a dietary job. The court found those claims were previously raised and involved vague allegations without reference to specific time frames. The court further rejected a claim defendants conspired to deny plaintiff treatment and found the complaint did not support an official-capacity claim. Ultimately, the court found plaintiff failed to state claim upon which relief could be granted. Plaintiff appealed. On October 29, 2020, the Seventh Circuit dismissed for failure to pay the required docketing fee.

¶ 10    The record also shows another federal case, *Powers v. Lodge*, *et. al.*, No. 18-cv-04211 (*Lodge*), alleging the same or similar claims. On January 10, 2019, that case was initially allowed to proceed after a merit review. However, it was ultimately dismissed on July 6, 2019, without prejudice for failure to pay the required partial filing fee. Plaintiff's appeal was dismissed.

¶ 11                    B. Plaintiff's Current Action

¶ 12    Plaintiff filed his complaint that is the subject of this appeal on August 20, 2020. In his complaint, plaintiff generally alleged violations of multiple sections of the Illinois Constitution, including alleging violations of due process and his right against self-incrimination. See Ill. Const. 1970, art. I, §§ 6, 10. He alleged he consented to treatment for OSPD nonconsent but never received treatment for his disorder. He stated placing him in the Power to Change group did not treat his condition and was a departure from professional judgment that amounted

- 4 -

to punishment and was a sham. He further alleged defendants denied him progress in treatment unless he admitted to facts about previous criminal acts. Plaintiff also appeared to take issue with an overall "five phase program." He argued under *Kansas v. Hendricks*, 521 U.S. 346 (1997), "treatment" required a specified number of hours, and the denial of treatment was punishment under *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), a case involving the use of excessive force. He also appeared to argue he was entitled to "treatment tasks," such as dietary work, and "life points."

¶ 13        In count I, plaintiff alleged, after the federal court's decision in *Caraway*, which he referred to as "unlawful," defendants "continued" to deny him treatment for his specific disorder. He stated unless a court intervened, he would continue to be denied sex-offender treatment. He also alleged Lodge and other defendants removed him from the Power to Change group because he would not lie to stay in the group. He stated Orwitz and Hymes fabricated progress notes and a master treatment plan stating he struggled to take personal responsibility for change, talked over others, and "presented unrelated topic of question." Plaintiff alleged the notes were a pretext to use against him in civil-commitment proceedings, alleged he was not allowed to work in a dietary program, and his treatment was sham. He further alleged he was denied "all treatment," by defendants, denied "life reward points," and denied phone access.

¶ 14        In count II, plaintiff alleged a violation of the False Claims Act, referring to a contract stating an unnamed vendor shall provide sex-offender treatment services and make services available to all people detained at the facility in need of such services. Plaintiff did not attach a copy of the contract to the complaint. Overall, plaintiff sought a declaratory judgment, compensatory damages, punitive damages, and the value of the contract.

¶ 15     On September 16, 2020, plaintiff filed a motion for an order that he receive sex-offender-specific treatment. In the motion, he repeated allegations he was denied such treatment because of his past and present litigation.

¶ 16     Defendants moved to dismiss plaintiff's complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615) (West 2020)). Defendants alleged in part plaintiff failed to plead sufficient facts to state a claim and failed to attach the contract to the complaint. Plaintiff replied, arguing again he was continually denied sex-offender treatment and was entitled to compensatory damages. He also filed a motion seeking an injunction, asking the court to order defendants to provide treatment specific to his disorder. Throughout his pleadings, plaintiff routinely cited to defendants' acts as being in violation of *Kingsley*.

¶ 17     The record shows a hearing was held on March 9, 2021, with each side presenting arguments and discussing principles of *res judicata*. The record shows the parties also discussed plaintiff's filings in another state court case assigned to the same trial court judge, case No. 20-L-3, and the hearings for both cases were held on the same day. However, a transcript of the hearing or appropriate substitute does not appear in the record.

¶ 18     After the hearing, defendants filed a supplemental pleading in both the instant case and in case No. 20-L-3 documenting plaintiff's other court filings. Those included documents from *Caraway* and *Lodge*, and a list of plaintiff's other federal filings. Defendants also noted claims in case No. 20-L-3, in which plaintiff alleged he was denied treatment, denied a vocational task such as working in dietary, asked to lie to obtain treatment, and punished in retaliation. However, the actual pleadings for that case were not included, as defendants asked the trial court to take judicial notice of the file. Online records of the trial court show plaintiff filed case No. 20-L-3 on May 5, 2020, including Lodge, John or Jane Doe, and others as

defendants. The court dismissed the case with prejudice on July 13, 2021. Plaintiff's motion to reconsider was denied on November 17, 2021. See Schuyler County, IL Case History, https://www.judici.com/courts/cases/case_history.jsp?court=IL085015J&ocl=IL085015J,2020L3 ,IL085015JL2020L3D1 (last visited August 25, 2022). Defendants argued based on plaintiff's pleadings in case No. 20-L-3 and in federal court, it was clear plaintiff was refiling the same case over and over.

¶ 19 Plaintiff filed a response to the supplemental pleading, arguing as of July 6, 2020, Lodge and other defendants involuntarily removed him from all treatment and stating, "to date [plaintiff] has not been allowed any sex offender treatment." He stated his claim in case No. 20-L-3 stemmed from Lodge's denial of his requests for a dietary position.

¶ 20 The trial court dismissed the complaint with prejudice, holding plaintiff failed to state a cause of action and, to the extent plaintiff claimed inadequate treatment, the claims were barred by principles of *res judicata* and issue preclusion. There is a discrepancy in the record as to the date of the dismissal. The order is dated July 12, 2021, but file stamped July 8, 2021. Online court records show it was dismissed July 13, 2021, the same day as case No. 20-L-3. See Schuyler County, IL Case History, https://www.judici.com/courts/cases/case_dispositions.jsp?court=IL085015J&ocl=IL085015J,20 20L7,IL085015JL2020L7D3 (last visited Oct. 18, 2022).

¶ 21 In its order, the court specifically stated, "in light of [p]laintiff's pleadings filed in 20-L-3" it took judicial notice of all pleadings filed by plaintiff in both state and federal court. The court found plaintiff's pleadings contained "similar if not identical allegations" in which a court had deemed the allegations did not state a cause of action. The court further found

plaintiff's complaint failed to meet the minimal factual allegations required to state a claim under the False Claims Act.

¶ 22         Plaintiff filed a motion to reconsider, arguing since July 6, 2020, he was denied treatment in violation of *Kingsley* and the trial court misapplied the facts to the law. In doing so, plaintiff referenced case No. 20-L-3, writing, as stated in case No. 20-L-3 the *Caraway* decision did not apply, but *Kingsley* did apply for determining inadequate mental health treatment. Defendants responded to the extent plaintiff raised new facts, arguments, or legal theories, he failed to explain why they were not available at the original hearing. Defendants also argued *Kingsley* did not apply and the correct standard applying to denial-of-treatment claims was stated in *Youngberg*. After a hearing, the court denied the motion. There is no transcript or substitute for a transcript of that hearing in the record. This appeal followed.

¶ 23                                II. ANALYSIS

¶ 24         Plaintiff contends the trial court erred in dismissing his complaint. Although plaintiff alleged violations of multiple sections of the Illinois Constitution in his complaint, he addresses only due process and his right against self-incrimination on appeal. Accordingly, we address only those contentions. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"). Defendants argue plaintiff's claims are barred by *res judicata* and alternately failed to state a claim.

¶ 25         We first note defendants filed their written motion to dismiss under section 2-615(a) of the Code for failure to state a claim. However, the record is clear principles of *res judicata* were discussed at the hearing on the motion, defendants followed up with a

supplemental pleading supporting dismissal based on *res judicata*, and the trial court ultimately dismissed the complaint in part based on *res judicata*.

¶ 26 A motion to dismiss under section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2020)) tests the legal sufficiency of the complaint, while a motion to dismiss under section 2-619(a) of the Code (735 ILCS 5/2-619(a) (West 2020)) admits the legal sufficiency of the complaint but asserts affirmative matters outside of the complaint that defeats the cause of action. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351 (2009). In particular, section 2-619(a)(4), permits a defendant to seek dismissal based on *res judicata*. 735 ILCS 5/2-619(a)(4) (West 2020). Thus, ultimately the trial court's dismissal was based on both sections 2-615 and 2-619. Plaintiff does not show he objected to any potential irregularity in that procedure or the lack of a written section 2-619 motion, nor does he raise any such issues on appeal. Thus, any potential issues regarding the procedure under which his case was dismissed are forfeited. See *Blair v. Bartelmay*, 151 Ill. App. 3d 17, 19 (1986)

¶ 27 When reviewing a decision to grant a section 2-615 motion to dismiss, "the question is 'whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.' " *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009) (quoting *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004)). "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* at 491. Our review is *de novo*. *Id.* We also review *de novo* a dismissal under section 2-619(a)(4) based on *res judicata*. *Morris B. Chapman & Associates v. Kitzman*, 193 Ill. 2d 560, 565 (2000); *Kiefer v. Rust-Oleum Corp.*, 394 Ill. App. 3d 485, 489 (2009).

¶ 28    The doctrine of *res judicata* provides a final judgment on the merits bars any subsequent action between the same parties or their privies based on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). *Res judicata* applies to all matters that were actually decided in the original action and to all issues that could have been decided. *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18. The requirements of *res judicata* are: (1) a final judgment on the merits entered by a court of competent jurisdiction; (2) an identity of the cause of action between the two suits; and (3) identical parties or their privies. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994).

¶ 29    A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. *Pierog v. H.F. Karl Contractors, Inc.*, 39 Ill. App. 3d 1057, 1060-61 (1976). Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute a single cause of action. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 59, 64 (1979). Identity of the causes of action may be determined from the record as well as from the pleadings in both causes. *Pierog*, 39 Ill. App. 3d at 1061.

¶ 30    Here, to the extent plaintiff claims a due process violation regarding his placement in the Power to Change group as opposed to sex-offender treatment specific to his diagnosed condition and claims violations of his right against self-incrimination, we agree those claims are clearly barred by *res judicata*. The record shows plaintiff has raised the same claims repeatedly, and the court in *Caraway*, which included the same defendants and dismissed the cause with prejudice, held as such. To the extent there were any differences in the allegations, plaintiff could have raised the issues in *Caraway*.

¶ 31    Plaintiff argues he made new allegations of further denial of treatment after *Caraway* was decided, in that he was removed from the Power to Change group and he alleged he continued to be denied sex-offender treatment and faced retaliation. We disagree for several reasons.

¶ 32    First, plaintiff's claim he was denied all treatment "as of July 6, 2020," was before *Caraway* was dismissed with prejudice, and defendant has not explained why he could not have sought to amend his complaint in *Caraway* or file a motion to reconsider to include new allegations. *Lodge* also remained dismissed without prejudice. Further, the record reflects the trial court found the issues in plaintiff's complaint were barred by *res judicata* based also on the matters raised in case No. 20-L-3. The record shows the court considered the cases together, as the parties referenced both cases on some pleadings, the court held the hearings on both cases on the same day and referred to both cases in its order, and, according to online court records, the cases were decided the same day. Also clear from the record is the parties discussed *res judicata* and the effect of both *Caraway* and case No. 20-L-3 at the hearing. The court also clearly held plaintiff's complaint was barred by issues raised in both *Caraway* and case No. 20-L-3.

¶ 33    With the above points in mind, plaintiff has not provided a transcript of the hearing or a substitute for a transcript to show the trial court's *res judicata* determination based on *Caraway* and case No. 20-L-3 was factually incorrect. He has also not shown he would have been unable to raise his allegedly new claims in either *Caraway*, *Lodge*, or case No. 20-L-3. He further has not shown that defendants aside from Lodge, who was named in case No. 20-L-3 were not in privity with her for that case to have preclusive effect regarding all defendants. Throughout his lawsuits, plaintiff has switched names of employees of the health-care vendor as parties while still making the same claims. He has not argued on appeal that those employees are

not in privity with one another or provided a record to show whether or how such a matter was raised in the trial court. See generally, *Neuberg v. Michael Reese Hospital*, 118 Ill. App. 3d 93, 100 (1983) (holding that the plaintiff's attempt to name additional employee defendants to avoid the applicability of the doctrine of *res judicata* was "without legal effect"). In the absence of a complete record, we presume the trial court's determinations of these issues and ultimate holding concerning *res judicata* was correct.

¶ 34 Second, plaintiff has not shown he actually asserted a new claim. Although he stated he was denied "all treatment" as of July 6, 2020, his claim has always been the same—he has been denied "all treatment" because he cannot progress to sex-offender treatment specific to his diagnosis without admitting to past misconduct. His overarching complaint is not a removal from the Power to Change group. His filings make clear he does not consider that group "treatment" and does not wish to be in that group. Plaintiff's overriding issue has previously been decided.

¶ 35 Indeed, in his motion to reconsider, plaintiff did not take issue with the trial court's findings of fact or determination of *res judicata*. Instead, citing *Kingsley*, he alleged the court incorrectly applied the law to the facts. In doing so he specifically referenced case No. 20-L-3. But *Kingsley* is an excessive force case and does not apply. Instead, the *Caraway* court correctly applied the standard from *Youngberg*. See *Powers*, 750 Fed. Appx. at 484.

¶ 36 Finally, defendant does not address the effect of case No. 20-L-3 on appeal and instead argues *Caraway* is not binding on this court and was not a judgment on the merits. He also notes *Lodge* reached a different result in a merit review. However, *Caraway* was dismissed with prejudice on the merits and *Lodge* allowed the case to proceed but never reached a judgment on the merits as it was dismissed without prejudice. It is also appropriate to consider a

federal case such as *Caraway* when determining issues of *res judicata*. See generally, *Cooney v. Rossiter*, 2012 IL 113227, ¶¶ 20-22, 26 (noting identity of cause of action between state and federal court and application of *res judicata*). Further, as with the hearing on the motion to dismiss, there is no transcript of the hearing on the motion to reconsider or a substitute for a transcript. Thus, on this record, we cannot say the trial court erred when it determined *res judicata* applied to bar plaintiff's claims.

¶ 37        Plaintiff next argues the trial court erred in determining his denial of sex-offender treatment did not violate the False Claims Act. Plaintiff also attached to his reply brief a copy of a contract between the State of Illinois and a vendor, Liberty Healthcare. However, plaintiff was required to attach the contract at the time he filed his petition or an affidavit stating facts showing the instrument was not accessible to him. 735 ILCS 5/2-606 (West 2020). He did not do so. Further, the contract does not identify defendants or show them as signatories to the contract. Accordingly, the trial court correctly determined plaintiff failed to state a claim under the False Claims Act.

¶ 38                                III. CONCLUSION

¶ 39        The trial court did not err in determining *res judicata* barred plaintiff's suit and plaintiff did not state a claim under the False Claims Act. Accordingly, for the reasons stated, we affirm the trial court's judgment dismissing the complaint.

¶ 40        Affirmed.