NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241398-U

NO. 4-24-1398

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 3, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BRANNEN MARCURE, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ADAM GIGANTI, | ) | No. 24LM249 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Plaintiff's claim is barred by principles of *res judicata*.

¶ 2     Plaintiff, Brannen Marcure, brought a *pro se* complaint against defendant, Adam Giganti, alleging a claim of "Complaint 'concealment' " under section 13-215 of the Code of Civil Procedure (Code) (735 ILCS 5/13-215 (West 2024)). In a motion to dismiss, defendant asserted and the circuit court agreed that plaintiff's claim was barred by principles of *res judicata*. We affirm.

¶ 3                    I. BACKGROUND

¶ 4                    A. Federal Proceedings

¶ 5     In May 2024, plaintiff filed a complaint in federal court, alleging defendant "falsified a warrant" and had plaintiff arrested "with the US marshals" on December 7, 2016. As

a result, plaintiff alleged he incurred $20,000 in attorney fees, spent three days in jail, and suffered from posttraumatic stress disorder. Plaintiff also attached several exhibits to his complaint, including an arrest warrant issued by the Sangamon County circuit court in August 2016, a screenshot of Arizona court records showing plaintiff was apprehended and released in September 2016, and a portion of a docket sheet in Sangamon County case No. 16-CF-764 showing plaintiff remained in custody as of December 7, 2016, and was represented by defendant.

¶ 6　　　　In June 2024, plaintiff filed a "motion to dismiss for statutes of limitations." The district court granted plaintiff's motion and dismissed the case "with Prejudice." In doing so, the court observed plaintiff "appear[ed] to assert a false arrest claim against [defendant]" that was "based on an incident in December 2016 when [defendant] served as Plaintiff's attorney."

¶ 7　　　　　　　　　　　　B. Current Proceedings

¶ 8　　　　One day prior to filing his motion to dismiss his federal case, plaintiff filed a complaint in the circuit court alleging "defendant conspired *** To place [him] in had [*sic*] cuffs [u]sing a counterfeit warrant and then [send him] to prison after [his] trial."

¶ 9　　　　Plaintiff amended his complaint one month later, alleging one count of unlawful restraint, "conspiracy against rights," and intentional infliction of emotional distress. In his amended complaint, plaintiff asserted the "Maricopa county sheriff[']s office handed [him] a court date for December 5, 2016, once [he paid] Sangamon county's warrant for $10,000, in Arizona." Plaintiff then alleged that, in November 2016, defendant "Advised [him], 'not to turn [himself] in.' " Plaintiff claimed he missed his court date "on instructions from [defendant]" and was "apprehended by the police through [defendant]" on December 6, 2016.

¶ 10　　　　Plaintiff amended his complaint again in August 2024, asserting defendant

"breached [their] fidelity" and "intentionally kept [plaintiff] from court." Later that same month, plaintiff filed a third amended complaint asserting a claim of "Complaint 'concealment' " under section 13-215 of the Code (735 ILCS 5/13-215 (West 2024)). According to plaintiff, he "was arrested in Arizona and was released with a fraudulent document concealing [a] court date [upon which he] relied," and "[t]he false belief was concealing a warrant to have [him] apprehended." Plaintiff asserted his reliance "on this misrepresentation put [him] in jail" and caused $10,000 to be "fraudulent[ly] taken from [his] bond."

¶ 11        In September 2024, defendant filed a combined motion to dismiss plaintiff's complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2024)). Defendant first argued plaintiff's complaint failed to state a claim upon which relief could be granted. See 735 ILCS 5/2-615 (West 2024). Defendant also asserted plaintiff's claim was barred by principles of *res judicata*, noting plaintiff's federal case was dismissed with prejudice and there was "no question that both this action and the federal action involve the same parties and the same incident." See 735 ILCS 5/2-619(a)(4) (West 2024). Ultimately, the circuit court granted defendant's motion and found principles of *res judicata* barred plaintiff's claim. Plaintiff thereafter filed a motion to reconsider, which the court denied.

¶ 12        This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14        On appeal, plaintiff asserts *res judicata* does not apply in this case and the circuit court erred when it found that the current proceedings were "similar or had the same case of action as [his] federal case."

¶ 15        Defendant's motion to dismiss was brought under section 2-619.1 of the Code, which allows a movant to combine motions to dismiss under sections 2-615 and 2-619 into a

single motion. 735 ILCS 5/2-619.1 (West 2024). Although the motion to dismiss is before us in its entirety, we need only consider defendant's argument regarding *res judicata*, which was part of the section 2-619 portion of his motion.

¶ 16    A section 2-619 motion to dismiss admits the legal sufficiency of the pleading but asserts an affirmative defense or other matter that avoids or defeats the claim. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). Dismissal on the basis that a cause of action is barred by a prior judgment, as with *res judicata*, falls under section 2-619(a)(4) of the Code. 735 ILCS 5/2-619(a)(4) (West 2024); *Illinois Non-Profit Risk Management Ass'n v. Human Service Center of Southern Metro-East*, 378 Ill. App. 3d 713, 719 (2008). "In deciding a section 2-619 motion, a court accepts all well-pleaded facts and their inferences as true and construes all pleadings and supporting documents in favor of the nonmoving party." *In re Estate of Shelton*, 2017 IL 121199, ¶ 21. Dismissals pursuant to section 2-619 and questions of law, such as whether a claim is barred by *res judicata*, are both subject to *de novo* review. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43.

¶ 17    The doctrine of *res judicata* provides a final judgment on the merits bars any subsequent action between the same parties or their privies based on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). *Res judicata* applies to all matters that were actually decided in the original action and to all issues that could have been decided. *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18. The requirements of *res judicata* are: (1) a final judgment on the merits entered by a court of competent jurisdiction, (2) an identity of the cause of action between the two suits, and (3) identical parties or their privies. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994). Here, neither party disputes that the parties in the instant action are identical to those in the previous federal proceedings or  a final judgment was

- 4 -

entered by a court of competent jurisdiction. Therefore, the only question is whether the same cause of action is being raised again in the case before us.

¶ 18    A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. *Pierog v. H. F. Karl Contractors, Inc.*, 39 Ill. App. 3d 1057, 1060-61 (1976). Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute a single cause of action. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App. 3d 59, 64 (1979). Identity of the causes of action may be determined from the record, as well as from the pleadings in both causes. *Pierog*, 39 Ill. App. 3d at 1061.

¶ 19    Here, we find the second requirement for applying *res judicata* has been met because plaintiff's present cause of action and prior federal cause of action arose from the same group of operative facts. In both suits, plaintiff alleged he was apprehended in Arizona, he was detained pending trial in Sangamon County, which caused him to miss a court date in December 2016, and defendant committed some sort of fraudulent act that resulted in plaintiff's detention. Thus, plaintiff's claim is barred by *res judicata*, and the circuit court properly granted defendant's motion to dismiss plaintiff's third amended complaint. See *Downing*, 162 Ill. 2d at 73-74.

¶ 20                                III. CONCLUSION

¶ 21    For these reasons, we affirm the circuit court's judgment.

¶ 22    Affirmed.